IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEJAU JONES MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | |
| ) | |
| GRANDVIEW MEDICAL ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Dejau` Jones McKinney (hereinafter "Ms. McKinney" or "Plaintiff") and hereby files this Complaint against Grandview Medical Center (hereinafter "Defendant") and states as follows:

## JURISDICTION

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000 (e) *et seq.* (hereinafter "Title VII"), which provides for relief from race and sex discrimination and retaliation in employment, and pursuant to 28 U.S.C. §§ 1331, 1343(4), 1367.

1

2. Ms. McKinney has fulfilled all conditions precedent to the institution of this action under Title VII. Ms. McKinney filed two charges of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the occurrence of the last respective discriminatory or retaliatory act -- Charge No. 420-2016-00879 on or about January 21, 2016 and Charge No. 420-2016-02565 on or about June 15, 2016. Ms. McKinney's notice of right to sue was mailed to her on March 8, 2017. A copy of Ms. McKinney's EEOC Charges of Discrimination and her Dismissal and Notice of Rights are attached hereto as Exhibit A.

3. The unlawful practices alleged herein were committed by Defendant in Jefferson County in the state of Alabama. Thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff, Dejau' Jones McKinney, is an African American female citizen of the United States of America, is a resident of the state of Alabama and is over the age of 19. At all times relevant to this action, Ms. McKinney was employed by Defendant.

5. Defendant is an employer in Jefferson County, Alabama and is subject to suit under 42 U.S.C. § 2000(e) *et seq*. At all times relevant to this action, Defendant has employed at least 20 persons.

## FACTS

6. Ms. McKinney began her employment with Defendant in June 2011 as a registered nurse in the Neurosurgical Department.

7. In March 2014, Ms. McKinney was promoted to PI Coordinator and Jane Northcutt became her supervisor. In this role, Ms. McKinney was paid $24.24 hourly. However, the lowest hourly rate on the established pay scale for the PI Coordinator position was $24.46.

8. In late July 2015, Ms. McKinney informed her supervisor that she was pregnant.

9. Ms. McKinney's pregnancy was high risk, as invitro fertilization assisted in the conception, and, therefore, proved to be a difficult one.

10. Ms. McKinney spoke with her supervisor, Ms. Northcutt, about being allowed to work from home two days and work two to three days in the office each week. Ms. Northcutt refused Ms. McKinney's request for the accommodation.

11. Instead, Ms. Northcutt directed Ms. McKinney to be reassigned to a Flexi RN position in the GI Lab. In this role, Ms. McKinney was paid $30.00 per hour.

12. Initially, Defendant placed no restrictions on the number of hours Ms. McKinney could work in the Flexi RN position. However, Ms. Northcutt later told Ms. McKinney that she could work a maximum of 24 hours per week in this role.

13. Caucasian and/or non-pregnant Flexi RNs were not subject to the 24 weekly work hours cap.

14. In November 2015, Ms. McKinney noticed that Defendant had ceased making deductions for her short-term disability insurance premiums.

15. In light of the precarious nature of her pregnancy, Ms. McKinney did not want to be without short term disability insurance. So, Ms. McKinney brought this matter to the attention of her manager, Traci Richie, who contacted human resources.

16. Subsequently, Ms. McKinney's job status was changed to part-time, and Defendant applied a so-called "demotion calculator" to Ms. McKinney's compensation, which resulted in Ms. McKinney's hourly pay being reduced by nearly 30% to $21.20.

17. In December 2015, Ms. McKinney was required to train two Caucasian PI Coordinators. Each of these employees was paid more than Ms. McKinney ever made as a PI Coordinator.

18. On January 2016, Ms. McKinney filed a charge of discrimination with the EEOC (Charge No. 420-2016-00879), asserting that Grandview Medical Center had engaged in racial and sex (pregnancy discrimination) in her compensation and assignment of job duties in violation of Title VII of the Civil Rights Act of 1964, as amended.

19. Ms. McKinney commenced maternity leave on or about March 5, 2016 and returned to work on May 31, 2016.

20. At the start of her maternity leave, Ms. McKinney received short-term disability benefits, which amounted to about 60% of her pre-maternity leave compensation.

21. Defendant's established policy and/or practice was to make up the difference between an employee's pre-leave compensation and the amount received in short-term disability benefits by using the employee's accumulated, unused sick leave.

22. After employees exhaust their short-term disability benefits, Defendant's policy and/or practice permitted employees to use available sick time to avoid a reduction in their pre-leave compensation.

23. Ms. McKinney exhausted her short-term disability benefits on or about April 15, 2016.

24. Having not taken any sick leave in nearly five years of employment with Defendant, Ms. McKinney had enough available sick leave to be compensated at her pre-maternity leave level after she exhausted her short-term disability leave benefits.

25. On or about April 22, 2016, Ms. McKinney noticed that the allocation from her accumulated sick leave should have been 24 hours per week (which was

the number of hours Ms. McKinney worked before going on maternity leave) because she had exhausted her short-term disability benefits as of mid-April 2015.

26. By email dated April 22, 2016, Ms. McKinney notified Della Solomon (Defendant's HR Generalist) of the discrepancy in her pay and requested that Ms. Solomon forward her her paycheck stub.

27. Despite Ms. McKinney's email notifying Ms. Solomon of the discrepancy, her pay was never adjusted.

28. Consequently, Ms. McKinney received pay for only nine hours per week, instead of 24, for over six weeks, which created significant financial angst for Ms. McKinney and her family.

29. Prior to commencing maternity leave, Ms. McKinney was not counseled that she needed to (or should) notify Defendant once she exhausted her short-term disability leave benefits for her compensation to be calculated and paid correctly.

30. Upon returning to work, Ms. McKinney emailed Ms. Solomon a second time about her pay after she exhausted her short-term disability benefits in April.

31. After two notices, Defendant finally paid Ms. McKinney the monies due her.

32. Ms. McKinney filed a second EEOC charge of discrimination (Charge

No. 420-2016-02565) on or about June 15, 2016, asserting that Defendant's failure to pay her in accordance with company policy or practice was a retaliatory strike for previously filing a charge of discrimination with the EEOC in violation of Title VII of the Civil Rights Act of 1964.

33.   Feeling exasperated, oppressed and helpless due to Defendant's discriminatory and retaliatory treatment, Ms. McKinney was forced to terminate her employment with Grandview Medical Center in June 2016.

34.   Following her constructive discharge from Grandview Medical Center, Ms. McKinney accepted a part-time position with University of Alabama at Birmingham in July 2016, working only 20 hours weekly.

35.   During her employment with Grandview Medical Center, Ms. McKinney was never disciplined.  Moreover, her annual performance reviews were never lower than "meet expectations."

36.   The EEOC terminated its investigation of Charge No. 420-2016-00879 (and presumptively Charge No. 420-2016-0265, as well) and issued Ms. McKinney's Dismissal and Notice of Rights on or about March 8, 2017.

## COUNT I—RACE DISCRIMINATION IN VIOLATION OF TITLE VII

37.   Plaintiff re-alleges and incorporates the allegations set forth above

in paragraphs 1-36 above as if set forth herein in full.

38. Plaintiff was paid less than the minimum salary set on the PI Coordinator pay scale. Moreover, Plaintiff was reduced to part-time employment and subjected to a so-called "demotion calculator" in December 2015 (which reduced Plaintiff's compensation by nearly 30%). On information and belief, Marsha Carraway (a Caucasian female employee), was paid more than Plaintiff as PI Coordinator, and the purported "demotion calculator" was not applied to Carraway's wages when she transitioned to the GI Lab.

39. Crystal Jordan, a non-pregnant, Caucasian female who transitioned to a Flexi RN role, was allowed to work without changing her job status from full time to part time, and her wages were not reduced.

40. Plaintiff was further humiliated and faced additional discrimination when she was forced to train two Caucasian employees for the PI Coordinator position that Plaintiff had recently vacated. Each of these employees was paid more than Plaintiff was ever paid as a PI Coordinator.

41. Defendant Grandview Medical Center practices set forth in this section were racially motivated in violation of Title VII of the Civil Rights act of 1964, as amended. Defendant treated Ms. McKinney differently than other similarly situated white employees in terms of compensation, benefits and other terms and conditions of her employment.

42. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

**COUNT II - SEX (DISCRIMINATION IN VIOLATION OF TITLE VII**

43. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-42 above as if set forth herein in full.

44. Grandview Medical Center's compensation practices regarding McKinney after she informed them that she was pregnant were motivated by sexual animus in violation of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978. Specifically, no non-pregnant Flexi RNs were required to transition to part-time status. Moreover, Defendant never limited non-pregnant employees weekly work hours to 24. Also, Defendant applied a so-called "demotion calculator" to Plaintiff's compensation, which reduced her pay by roughly 30%. This measure was not applied to the compensation of non-pregnant employees.

45. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable

injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## **COUNT III – RETALIATION IN VIOLATION OF TITLE VII**

46.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 - 45 above as if set forth herein in full.

47.     Defendant initially refused to compensate Plaintiff according to company policy and/or practice while on maternity leave, after she exhausted her short-term disability benefits.  Even after Plaintiff provided sufficient notice to Defendant on or about April 22, 2016 that she had exhausted her short-term disability benefits earlier in the month, her pay was not corrected.  It was only after Plaintiff insistently noted that her compensation should have been adjusted in April that she got relief.

48.     Employees similarly situated to plaintiff were not required to notify company officials after exhausting their short-term disability benefits in order to be paid correctly.

45.     Defendant's actions were taken in retaliation against Ms. McKinney filing a charge of race and sex (pregnancy) discrimination, which is an activity protected from reprisal under Title VII of the Civil Rights Act of 1964.  Moreover, Defendant's actions were intended to chill Plaintiff's and other's interest and desire

to exercise their rights and challenge discriminatory treatment made unlawful under Title VII. As a result of Defendant's retaliatory treatment, when combined with Defendant's discriminatory animus, Plaintiff was forced to terminate her employment from Grandview Medical Center.

50. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Grandview Medical Center violated the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding her the position and compensation she would have had in the absence of its race and sex

discrimination and retaliatory treatment, back pay (plus interest), front pay, lost seniority, lost benefits, and compensatory and punitive damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

Respectfully submitted, this 8th day of June, 2017.

/s/ *Robert L. Beeman, II*
Robert L. Beeman, II
Attorney for Plaintiff
Alabama Bar No. 1838-E63R
3720 4th Avenue South
Birmingham, AL 35222
rlbsportsmgnt@att.net
205.422.9015 (P)
800.693.5150 (F)

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served on Grandview Medical Center at the address below via certified mail by the United States Northern District Court clerk's office on the 8th day of June, 2017.

                                        */s/Robert L. Beeman, II*_____
                                        Robert L. Beeman, II
                                        [ASB-1838-E63R]

Ms. Jane Northcutt
Grandview Medical Center
3690 Grandview Parkway
Birmingham, AL 35243